JOURNAL ENTRY OPINION
Defendant Ryan Hlavsa appeals from his convictions for five counts of raping his six year-old son, five counts of raping his four year-old daughter, one count of gross sexual imposition and six counts of endangering children. For the reasons set forth below, we affirm.
On June 22, 1998, defendant and his wife, Dawn Hlavsa were jointly indicted pursuant to a twenty-one count indictment. The indictment charged defendant with six counts of raping his six year-old son, six counts of raping his four year-old daughter, two counts of raping his one year-old daughter, and one count of gross sexual imposition upon his four year-old daughter. Twelve of the rape charges and the gross sexual imposition charge alleged that defendant is a sexually violent predator. The indictment also charged defendant and Dawn Hlavsa with six counts of endangering children. Defendant pleaded not guilty to all charges and the matter proceeded to a jury trial on December 7, 1998.
The state's evidence established that in May, 1997, the Children and Family Hotline received reports concerning defendant's children. All of defendant's children were subsequently placed in the foster care of Denise and Dan Oestricher. While residing with the Oestrichers, the six year-old boy and four year-old girl spontaneously told Mrs. Oestricher that their father had engaged in sexual activities with them. Both children also acted out in a manner which displayed sexual knowledge. Mrs. Oestricher contacted Children and Family Services and the children were subsequently interviewed by Teriea Anderson, a social worker, and were examined by Dr. Mark Feingold of the Alpha Clinic. There were no physical findings of abuse, but Dr. Feingold opined that in light of the reported behavior and remarks of the children, it is "highly likely that they were abused." There was also evidence that the children are presently suffering from an adjustment disorder as a result of their experiences.
The boy testified that his dad put his "peter" in his mouth and "in his butt" approximately twenty times. The girl testified that her dad put his "peter up [her] coochie," and "peed in [her] mouth." In addition, both children related other instances of abuse from other family members.
Defendant presented evidence to indicate that another family member had shown the children pornography and that, to a reasonable degree of medical certainty, this could cause acting out of a sexual nature. Defendant also presented testimony from Sandra McPherson, Ph.D., a psychologist, who outlined what she described as the rates of false allegations of sexual abuse. She explained, however, that the highest rate of false allegations occurs in the context of divorce actions involving custody disputes.
Defendant was subsequently convicted of five counts of raping his son, five counts of raping his four year-old daughter, the count of gross sexual imposition, the sexually violent predator specifications attendant to these charges, and all of the counts of endangering children. The trial court sentenced defendant to ten concurrent life terms on the rape charges, a consecutive term of three years to life on the gross sexual imposition charge, and concurrent two year terms on the charges of endangering children. Defendant now appeals and assigns four errors for our review.
Defendant's first assignment of error states:
 THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT INSTRUCTED THE JURY THAT PENETRATION OF THE BUTTOCKS IS SUFFICIENT TO ESTABLISH RAPE BY ANAL INTERCOURSE.
Within this assignment of error, defendant asserts that the trial court committed plain error when it instructed the jury that penetration of the buttocks is sufficient to establish the element of penetration, and that penetration of the anus was not required.
R.C. 2907.01 provides:
 As used in sections 2907.01 to 2907.37 of the Revised Code:
 (A) "Sexual conduct" means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.
In State v. Allen (May 8, 1985), Hamilton App. No. C-840479, unreported, the court stated:
 While we have been unable to find pertinent case law construing what constitutes penetration sufficient to support a finding that anal intercourse has been consummated, we take guidance from the following analogous consideration of what constitutes penetration sufficient to support a finding of vaginal intercourse:
 In accordance with the general rule that the slightest penetration is sufficient to constitute carnal knowledge in a prosecution for rape or statutory rape, courts in numerous cases have stated or recognized that, although the vagina is intact and not penetrated in the least, entry of the anterior of the female genital organ, known as the vulva or labia, is sufficient penetration to constitute rape.
 Annotation, What Constitutes Penetration in Prosecution for Rape or Statutory Rape (1977), 76 A.L.R. 3d 163, 178. The evidence stating there was penetration by the boy's penis between Allen's buttocks is sufficient to support a finding that anal intercourse had been consummated.
 With respect to Allen's claim that his convictions are unsupported by sufficient evidence in other respects, we find substantial evidence in the record upon which the trier of fact could reasonably conclude that all the elements of the offenses for which Allen was convicted have been proven beyond a reasonable doubt. See State v. Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132. Accordingly, the first assignment of error is not well taken.
Accord State v. Turvey (1992), 84 Ohio App.3d 724, 747-748.
By application of the foregoing, we find no error in connection with the trial court's instructions. Moreover, we note that although defense counsel repeatedly cross-examined the boy about defendant putting his penis "on" the boy, the boy stated that defendant put it "in his butt." The boy also stated that he screamed and cried in pain and that defendant also put it in his mouth many times. This assignment of error is without merit.
Defendant's second assignment of error states:
 APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHERE TRIAL COUNSEL ACQUIESCED TO A JURY INSTRUCTION PROVIDING FOR AN INCORRECT, LESSER REQUIREMENT OF PENETRATION TO ESTABLISH RAPE BY ANAL INTERCOURSE.
Defendant next asserts that his trial counsel was ineffective for failing to object to the instructions regarding penetration with regard to the charges of rape concerning defendant's son.
As we have determined that no error occurred in connection with the instruction, as was set forth in this court's discussion of the first assignment of error, this claim of ineffective assistance must likewise fail. State v. Henderson (1988), 39 Ohio St.3d 24,33.
Defendant's third assignment of error states:
 APPELLANT'S CONVICTION OF THE SEXUALLY VIOLENT PREDATOR SPECIFICATION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE THAT APPELLANT WAS LIKELY TO COMMIT ANOTHER "SEXUALLY VIOLENT OFFENSE."
Within this assignment of error, defendant contends that his convictions of the sexually violent predator specifications are not supported by sufficient evidence.
In State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, the Court described the role of the appellate court in reviewing a challenge to the sufficiency of the evidence supporting a conviction:
 An appellate court's function when reviewing the sufficiency of evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Id., at paragraph two of the syllabus, citing Jackson v. Virginia
(1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 520,.
Pursuant to R.C. 2971.01(H)(1), a sexually violent predator is defined as "a person who has been convicted of or pleaded guilty to committing, on or after the effective date of this section, a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." A sexually violent offense is defined in R.C. 2971.01(G) as a "violent sex offense, or a designated homicide, assault, or kidnapping offense for which the offender also was convicted of or pleaded guilty to a sexual motivation specification." In determining whether defendant is a sexually violent predator, the jury may consider the six factors set forth in R.C. 2971.01(H)(2):
 (a) The person has been convicted two or more times, in separate criminal actions, of a sexually oriented offense. For purposes of this division, convictions that result from or are connected with the same act or result from offenses committed at the same time are one conviction, and a conviction set aside pursuant to law is not a conviction.
 (b) The person has a documented history from childhood, into the juvenile developmental years, that exhibits sexually deviant behavior.
 (c) Available information or evidence suggests that the person chronically commits offenses with a sexual motivation.
 (d) The person has committed one or more offenses in which the person has tortured or engaged in ritualistic acts with one or more victims.
 (e) The person has committed one or more offenses in which one or more victims were physically harmed to the degree that the particular victim's life was in jeopardy.
(f) Any other relevant evidence.
In this instance, the evidence demonstrated that defendant repeatedly raped his own son and his own daughter over an extended period of time and that only the removal of the children from the home ended the abuse. He was undeterred by the tender ages of the children and the presence of his wife. The evidence also demonstrated that defendant was sexually gratified from the attacks, and overwhelming statistical evidence supports the high potential of recidivism among sex offenders whose crimes involve exploiting young children. State v. Stauter (July 17, 1998), Greene App. No. 97CA72, unreported.
Defendant also appeared before California juvenile authorities on sexually oriented charges involving his own sisters. The evidence was therefore sufficient to establish beyond a reasonable doubt that defendant is likely to engage in the future in one or more sexually violent offenses. This assignment of error is without merit.
Defendant's fourth assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION IN HOLDING THAT A SIX (6) AND A FIVE (5) YEAR-OLD CHILD WAS (SIC) COMPETENT TO TESTIFY BECAUSE THEY LACKED SUFFICIENT ABILITY TO RECEIVE A JUST IMPRESSION OF THE FACTS, TO COLLECT THESE IMPRESSIONS, AND TO COMMUNICATE THOSE IMPRESSIONS.
Defendant maintains that the trial court erroneously determined that his six year-old son and his daughter, who was five years-old at the time of trial, were competent to testify in this matter.
In State v. Frazier (1991), 61 Ohio St.3d 247, 250, the Supreme Court stated:
 Evid.R. 601 provides that "[e]very person is competent to be a witness except: (A) * * * children under ten (10) years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly * * *."
 It is the duty of the trial judge to conduct a voir dire examination of a child under ten years of age to determine the child's competency to testify. Such determination of competency is within the sound discretion of the trial judge. The trial judge has the opportunity to observe the child's appearance, his or her manner of responding to the questions, general demeanor and any indicia of ability to relate the facts accurately and truthfully. Thus, the responsibility of the trial judge is to determine through questioning whether the child of tender years is capable of receiving just impressions of facts and events and to accurately relate them. See State v. Wilson (1952), 156 Ohio St. 525, 46 O.O. 437, 103 N.E.2d 552.
In this matter, the boy told the judge that he had to tell the truth. He stated the names and ages of his real and foster sisters. He identified an example of a lie and explained that a lie is a bad thing. The trial court clearly did not abuse its discretion in determining that the boy was competent to testify.
The girl testified that the truth is something that you mean, and a lie is something that is not really so. She stated that it is bad to tell a lie. She identified her school, and her age and identified and distinguished her biological and foster families.
Both children possessed the ability to relate the facts accurately and truthfully.
This assignment of error is without merit.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATTON, J., AND ROCCO. J., CONCUR.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE